## Case No. 11,190.

### In re PITTS.

[19 N. B. R. 63.] [1]

District Court, S. D. New York.   Jan. 9, 1879.

BANKRUPTCY — EFFECT OF DISCHARGE UPON DEBT FRAUDULENTLY CONTRACTED—EXECUTION—STAY.

A creditor of the bankrupt, prior to the commencement of the proceedings in bankruptcy, recovered judgment in an action for goods sold and delivered.   An order of arrest was granted in such action on affidavits showing that the credit given was induced by false representations made by the bankrupt as to his credit and means.   An appeal from this order was not finally determined until after the proceedings in bankruptcy had been commenced, when it was affirmed.   Held, that such a debt, even after judgment, is not dischargeable in bankruptcy, and that, as there was a final judgment before the commencement of the proceedings in bankruptcy, a stay of proceedings which would prevent the issue of an execution against the person of the bankrupt was not authorized by section 5106.

In bankruptcy.

C. Whitaker, for bankrupt.

Bernard & Fiero, for judgment creditors.

CHOATE, District Judge. This is a motion to vacate a stay of proceedings, by the effect of which a creditor of the bankrupt, who recovered judgment prior to the commencement of the proceedings in bankruptcy, is stayed from arresting the bankrupt. The judgment record shows that the judgment was recovered for goods sold and delivered. Before judgment an order of arrest was made on affidavits showing that the plaintiff was induced to give the bankrupt credit for the goods by false representations as to his credit and means. From this order an appeal was taken, which was not finally determined until after the commencement of the bankruptcy proceedings. The order was then affirmed, and is now in force, and, under the laws of New York, entitles the judgment creditor to an execution against the person. That the judgment was a provable debt, being recovered before the filing of the petition, admits of no doubt. It would be so if recovered for a mere tort. That the claim on which it was founded would have been provable even though the plaintiff might have had his action, or might even have commenced an action sounding in tort for the deceit, has also been held in this circuit. In re Schwartz [Case No. 12,502]. But the bankrupt is liable to arrest, notwithstanding the pendency of the question of his discharge, if the claim is one from which his discharge will not release him. Section 5107; In re Rosenberg [Case No. 12,054]. And

within the meaning of section 5107 there is no distinction to be made, as to arrest, between mesne and final process. In re Patterson [Case No. 10,817]; In re Wiggers [Id. 17,623]. If the claim is one "created by fraud," within the meaning of section 5117, it is not discharged; and if the original cause of action or debt was one created by fraud, it is not so merged in the judgment that the judgment becomes dischargeable; but the court will look through the judgment record to ascertain the real nature of the debt. In re Patterson [supra]; Warner v. Cronkhite [Id. 17,180]; In re Whitehouse [Id. 17,564]. There are some cases which hold that to bring a debt within this section as created by fraud, the fraud must be the sole foundation of the claim, and that a debt is not created by fraud if it grows out of a contract into which the party was induced by fraud to enter; that such a claim cannot be said to be created by fraud, particularly after the claimant has elected to sue in contract and has recovered judgment in such suit; that the fact that the complaint contained allegations of fraud not constituting part of the cause of action, or that by the state law in such an action an arrest on mesne process or execution is given, does not affect the question. Palmer v. Preston, 45 Vt. 154. See, also, Warner v. Cronkhite [supra], and case cited. But see Stewart v. Emerson [52 N. H. 301]. In the case of In re Robinson [Case No. 11,939], it was decided by Mr. Justice Nelson, upon review, that where a judgment was recovered before the bankruptcy in an action for goods sold and delivered, and the bankrupt was arrested on execution, there having been, as in this case, an order of arrest upon affidavit before judgment that the sale was induced by false representations, that the bankrupt was not entitled to be discharged from arrest. That case has settled the law for this court that such a debt, even after judgment, is not dischargeable in bankruptcy. The facts do not fully appear in the report of the case, but the papers on file show that this precise point was ruled after full argument. As there was a final judgment before the commencement of bankruptcy proceedings, section 5106 seems not to authorize a stay which will prevent the issue of the proper process to secure to the creditor the benefit of the right to arrest the bankrupt given him by the state law, and preserved by section 5107. See In re Whitney [Case No. 17,581].

Stay vacated, so as to allow the issue of process on the judgment for the arrest of the bankrupt.

[For demurrer to specifications in opposition to bankrupt's discharge, see 8 Fed. 263.]

[1] [Reprinted by permission.]